UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRELL PLAIN, | Case No. 25-cv-3154 (LMP/DTS) |
| Petitioner, | |
| v. | |
| B. EISCHEN, *Warden*, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Respondent. | |

Petitioner Darrell Plain ("Plain") brought this habeas petition asserting that the Bureau of Prisons ("BOP") erred in determining that he was ineligible for earned time credits ("FTCs") under the First Step Act of 2018 ("FSA"). ECF No. 1. On September 9, 2025, United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") recommending dismissal of Plain's petition. *See* ECF No. 6. Plain timely objected to the R&R, ECF No. 11, so this Court reviews the conclusions in the R&R that Plain challenges de novo, Fed. R. Civ. P. 72(b)(3). For the following reasons, the Court overrules Plain's objections, adopts the R&R, and dismisses Plain's habeas petition.

**FACTUAL BACKGROUND**

On June 8, 2023, Plain was indicted in the U.S. District Court for the Northern District of Illinois on various narcotics offenses. *See United States v. Plain*, No. 1:23-cr-294 ("Illinois Docket"), ECF No. 14 (N.D. Ill. June 8, 2023). In February 2024, Plain pleaded guilty to "knowingly and intentionally distribut[ing] a controlled substance,

namely . . . 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide) . . . [i]n violation of Title 21, United States Code, Section 841(a)(1)." Illinois Docket, ECF No. 14 at 3; ECF No. 35 at 2.  The plea agreement recognized that Plain was subject to a "maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence of 5 years." Illinois Docket, ECF No. 35 at 6.  On June 6, 2024, Plain was adjudicated guilty and sentenced to 5 years of imprisonment pursuant to "21:841(a)(1) Controlled Substance - Sell, Distribute, Or Dispense."  Illinois Docket, ECF No. 42 at 1–2.

Plain has since been incarcerated at the Federal Prison Camp in Duluth, Minnesota. ECF No. 1 at 17.  He alleges that he has attempted to earn FTCs but that the BOP has determined that he is disqualified from earning FTCs because he was convicted of and sentenced for a disqualifying offense under the FSA—specifically, a violation of 21 U.S.C. § 841(b)(1)(B)(vi).  *See id.* at 8.  Plain observes that his indictment, plea agreement, and sentencing judgment do not actually include a citation to 21 U.S.C. § 841(b)(1)(B)(vi); rather, the only citation is to 21 U.S.C. § 841(a)(1).  *Id.*  Plain therefore contests the BOP's conclusion that he was convicted of and sentenced for a violation of 21 U.S.C. § 841(b)(1)(B)(vi).  *See id.* at 8–9.

Magistrate Judge Schultz issued an R&R recommending dismissal of Plain's habeas petition.  ECF No. 6.  The R&R concludes that although the indictment, plea agreement, and sentencing judgment do not specifically cite 21 U.S.C. § 841(b)(1)(B)(vi), those documents make clear that Plain was convicted of and sentenced for that offense.  *Id.* at 3. Plain timely objected to the R&R, arguing that the R&R impermissibly "read[s] into the

2

mind of the sentencing judge" something that is not written in the sentencing judgment and that the R&R effectively "resentence[s]" Plain for a violation of 21 U.S.C. § 841(b)(1)(B)(vi). ECF No. 11 at 5.

## ANALYSIS

The FSA provides circumstances under which FTCs may be earned and applied to shorten a prisoner's sentence. *See* 18 U.S.C. § 3632(d)(4). However, the FSA unambiguously excludes prisoners "serving a sentence for" certain offenses from receiving FTCs. *See* 18 U.S.C. § 3632(d)(4)(D). That includes prisoners convicted of violating 21 U.S.C. § 841(b)(1)(B)(vi). *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi). A person violates 21 U.S.C. § 841(b)(1)(B)(vi) by distributing "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide." 21 U.S.C. § 841(b)(1)(B)(vi). This is commonly known as fentanyl. *See id.*

Plain fully agrees that individuals convicted of and sentenced for violating 21 U.S.C. § 841(b)(1)(B)(vi) are ineligible to receive FTCs. But Plain's petition and objections raise a factual question: was Plain actually sentenced for this offense? Plain argues that because 21 U.S.C. § 841(b)(1)(B)(vi) was not explicitly cited in the indictment, the plea agreement, or the sentencing judgment, he was not. ECF No. 11 at 5.

Plain's confusion is understandable. Title 21 of the United States Code, Section 841(a)(1) defines the general criminal act of distributing a "controlled substance," and Section 841(b)(1) sets forth the punishment for distributing a controlled substance. The punishment is based on the quantity and the type of controlled substance distributed.

Specifically, the punishment for distributing at least 40 grams of fentanyl involves a "term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B)(vi).  Plain is correct that the indictment, the plea agreement, and the sentencing judgment do not explicitly cite 21 U.S.C. § 841(b)(1)(B)(vi).  Illinois Docket, ECF No. 14 at 3; ECF No. 35 at 2; ECF No. 42 at 1–2.  But as the R&R correctly concludes, these three documents make crystal clear that Plain was indeed convicted of and sentenced for a violation of 21 U.S.C. § 841(b)(1)(B)(vi).

The plea agreement indicates that Plain pleaded guilty to Count 3 of the indictment. Illinois Docket, ECF No. 35 at 2.  Count 3 of the indictment alleges that Plain distributed "40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4- piperidinyl] propanamide)."  Illinois Docket, ECF No. 14 at 3.  That allegation is essentially a verbatim recitation of the conduct prohibited by 21 U.S.C. § 841(b)(1)(B)(vi).  *See* 21 U.S.C. § 841(b)(1)(B)(vi) (prohibiting the distribution of "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-( 2-phenylethyl)-4-piperidinyl] propanamide").  Although neither the indictment nor the plea agreement specifically cited 21 U.S.C. § 841(b)(1)(B)(vi), it is clearly the offense for which Plain was indicted and pleaded guilty.

That's not all.  The plea agreement also recognizes that Plain was subject to a "maximum sentence of 40 years' imprisonment, and a statutory mandatory minimum sentence" of five years.  Illinois Docket, ECF No. 35 at 6, 11 ("Defendant also acknowledges that he is subject to a statutory minimum sentence of 5 years' imprisonment.").  That is the exact sentence prescribed for violations of 21 U.S.C.

§ 841(b)(1)(B)(vi). *See* 21 U.S.C. § 841(b)(1)(B) (prescribing a "term of imprisonment which may not be less than 5 years and not more than 40 years"). The fine and mandatory supervised release term described in the plea agreement also correspond with the fine and mandatory supervised release term prescribed for violations of 21 U.S.C. § 841(b)(1)(B)(vi). *Compare* Illinois Docket, ECF No. 35 at 6 (explaining that the offense "carries a maximum fine of $5,000,000" and a mandatory "term of supervised release of at least four years"), *with* 21 U.S.C. § 841(b)(1)(B) (prescribing a maximum fine of "$5,000,000 if the defendant is an individual" and explaining that a sentence for a violation of 21 U.S.C. § 841(b)(1)(B)(vi) must "include a term of supervised release of at least 4 years in addition to such term of imprisonment"). This cements the conclusion that Plain was indeed convicted of and sentenced for a violation of 21 U.S.C. § 841(b)(1)(B)(vi).

Plain seems to argue that unless the indictment, the plea agreement, or the sentencing judgment explicitly cite to 21 U.S.C. § 841(b)(1)(B)(vi), he cannot be deemed to have been sentenced for violating that provision. ECF No. 11 at 5. Plain offers no authority for that proposition, nor has the Court identified any. Plain relies heavily on *Valladares v. Ray*, 130 F.4th 74 (4th Cir. 2025), but that case actually weighs against him. The question in *Valladares* was whether a prisoner was ineligible to earn FTCs for a conviction of a drug offense where death resulted. *Id.* at 81. The Fourth Circuit concluded that the prisoner had not actually been convicted of the death-resulting sentencing enhancement that would disqualify him from receiving FTCs. *Id.* In so concluding, the Fourth Circuit looked to the prisoner's plea agreement (which did not mention any death resulting from the offense), the sentencing judgment (which did not mention the 20-year

5

mandatory minimum sentence that would result from a death-resulting enhancement), and a post-judgment opinion (which explicitly stated that the "count of conviction did not charge the death of the victim"). *Id.*

*Valladares* therefore does not stand for the proposition that the criminal case documents must explicitly cite a particular statutory provision; rather, the case stands only for the unremarkable proposition that to disqualify a prisoner from receiving FTCs, there must be sufficient evidence that a prisoner is "serving a sentence for a conviction" listed in 18 U.S.C. § 3632(d)(4)(D). Unlike in *Valladares*, the criminal case documents here make perfectly clear that Plain was convicted of and sentenced for a violation of 21 U.S.C. § 841(b)(1)(B)(vi). As a result, the Court is convinced, after a review of the indictment, the plea agreement, and the sentencing judgment, that Plain is indeed "serving a sentence for a conviction" of 21 U.S.C. § 841(b)(1)(B)(vi). Plain is therefore ineligible to earn FTCs under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi).

## **CONCLUSION**

Based upon all the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED THAT**:

1. Plain's objections (ECF No. 11) are **OVERRULED**;

2. The Report and Recommendation (ECF No. 6) is **ADOPTED**;

3. The Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

4. In addition to sending a copy of this Order to Plain at his current address at the Federal Prison Camp in Duluth, the Clerk of Court shall send a copy of this Order addressed to Plain at the Federal Correctional Institution Camp, Cumberland (FCI

Cumberland, Federal Correctional Institution Satellite Camp, P.O. Box 1000, Cumberland, MD 21501).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 10, 2025          *s/Laura M. Provinzino*
                                 Laura M. Provinzino
                                 United States District Judge